UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas G. Newman, Evette A. Newman,
and Ryan T. Newman,

       Plaintiffs,

v.                                                                                                            Civ. No. 04-2728 (JNE/RLE)
                                                                                                         ORDER

Tim Favor, Terrance Holter, Randy Berg,
Paul Benshoof, Eric Scheiferdecker,
David Frank, Sue Wells, Shari Schluchter,
Tony Murphy, J. Bruce Preece, Al Felix,
Bill Winger, Richard Lehman, Daryll Russell,
Robert Lehman, Tom Charboneau, Bill Anderson,
Sue Brule, William Beise, and Mike Sorenson,

       Defendants.

This is a pro se action brought by Thomas Newman against several individuals associated with the City of Bemidji, Beltrami County, or the Beltrami County District Court. Thomas Newman also named Evette and Ryan Newman as plaintiffs. Thomas, Evette, and Ryan Newman allegedly have been deprived of rights under the United States Constitution, the Minnesota Constitution, and Minnesota statutes. The case is before the Court on the Bemidji City Defendants' motion to dismiss or for summary judgment; the Beltrami County Defendants' motion for judgment on the pleadings; and the State Defendants' motion to dismiss.[1] For the reasons set forth below, the Court strikes all claims asserted by individuals other than Thomas Newman, dismisses Thomas Newman's claims under federal law, and dismisses without prejudice Thomas Newman's claims under state law.

---

[1]     The caption misspells several defendants' names. Here, the Court spells the names as they appear in the defendants' motion papers. The Bemidji City Defendants are: J. Bruce Preece, Al Felix, Richard Lehman, Daryll Russell, Robert Lehman, Tom Charboneau, William Beise, and Mike Sorenson. The Beltrami County Defendants are: Timothy Faver, Shari Schluchter, Randall Burg, David Frank, Eric Shieferdecker, Sheriff Keith Winger, Deputy Anderson, and Tony Murphy. The State Defendants are: Terrance Holter, Paul Benshoof, Susan Wells, and Susan Brule.

1

Whether brought under Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure,[2] the motions require the Court to accept as true all facts pleaded by Thomas Newman and to draw all reasonable inferences in his favor. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1188 (8th Cir. 1988). The Court will not dismiss his pleading unless it appears beyond doubt that he can prove no set of facts that would entitle him to relief. *See Westcott*, 901 F.2d at 1488; *St. Paul Ramsey County Med. Ctr.*, 857 F.2d at 1188. The Court liberally construes Thomas Newman's pro se pleading. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Court first identifies the operative complaint. After filing a Statement of Facts, Thomas Newman filed four amendments to it. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a). Thomas Newman filed the first and second amendments before any defendant answered, and the second amendment sought only to name Mike Sorenson and William Beise as defendants. Sorenson and Beise subsequently answered. Accordingly, the Court construes the Statement of Facts and the first two amendments as the Complaint. *See id.*

As to the remaining amendments, Thomas Newman neither sought leave nor obtained consent to file them. Thomas Newman is the only person who signed the third and fourth amendments, and the amendments contain allegations relating to Ryan Newman. For the reasons set forth below, Thomas Newman cannot bring claims for anyone but himself. The Court

---

[2] The Bemidji City Defendants move to dismiss under Rule 12(b)(6) or for summary judgment under Rule 56. Because they did not attach matters outside the pleadings and they brought the motion after answering, the Court considers the motion as one for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir. 1988).

therefore declines to consider the third and fourth amendments. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Leave to amend should be denied if the proposed amended pleading would be futile.").

The Court next considers who has appeared as a plaintiff. "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). "A *pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000); *cf. Ginter v. Southern*, 611 F.2d 1226, 1227 n.1 (8th Cir. 1979) (admonishing district courts to require pro se litigants to comply with Rule 11). In this case, the Complaint lists Thomas, Evette, and Ryan Newman as plaintiffs, and it contains allegations relating to Michael Newman. Thomas Newman is the Complaint's sole signatory, and he is not an attorney. Accordingly, the Court strikes the claims asserted by individuals other than Thomas Newman.

Turning to the claims alleged by Thomas Newman, the Court perceives that he asserts claims under 42 U.S.C. § 1983 (2000) for alleged deprivations of his rights under the United States Constitution. The Complaint, broadly construed, appears to allege that some of the defendants refused to prosecute individuals who had committed crimes against him and that some of the defendants verbally harassed him.[3] As to the former, Thomas Newman lacks standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 & n.6 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Johnson v. City of Evanston*, 250 F.3d 560, 563 (7th Cir. 2001) (holding plaintiff lacked standing to

---

[3] To the extent Thomas Newman seeks to assert claims based on alleged violations of the rights of Evette, Ryan, and Michael Newman, Thomas Newman meets neither constitutional nor prudential requirements of standing. *See Mosby v. Lignon*, 418 F.3d 927, 933 (8th Cir. 2005).

complain about refusal to prosecute another).  As to the latter, he fails to state a claim because his allegations fall far short of the controlling standard.  *See Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Verbal abuse is normally not a constitutional violation."); *King v. Olmsted County*, 117 F.3d 1065, 1067-68 (8th Cir. 1997) (stating that verbal threats generally do not give rise to section 1983 claim).  The Court therefore dismisses his section 1983 claims.

Any other claims that Thomas Newman might be asserting arise under state law.  The sole basis for the Court's jurisdiction over these claims is 28 U.S.C. § 1367(a) (2000), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as claims that fall within its original jurisdiction.  A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c).  Having dismissed all claims falling within its original jurisdiction, the Court declines to exercise supplemental jurisdiction over Thomas Newman's state-law claims.  *See Gregoire v. Class*, 236 F.3d 413, 419-20 (8th Cir. 2000); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998).

In short, the Court grants the motions of the Bemidji City Defendants, the Beltrami County Defendants, and the State Defendants insofar as they seek to dismiss Thomas Newman's claims under federal law or to strike the claims of other individuals.  The Court otherwise denies the motions as moot.  Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Bemidji City Defendants' motion for judgment on the pleadings [Docket No. 50] is GRANTED IN PART and DENIED IN PART.

2. The Beltrami County Defendants' Motion for Judgment on the Pleadings [Docket No. 55] is GRANTED IN PART and DENIED IN PART.

3. The State Defendants' Motion to Dismiss [Docket No. 63] is GRANTED IN PART and DENIED IN PART.

4. The Complaint [Docket Nos. 1-3] is STRICKEN insofar as it asserts claims by individuals other than Thomas Newman.

5. The Complaint [Docket Nos. 1-3] is DISMISSED insofar as it asserts claims by Thomas Newman under federal law.

6. The Complaint [Docket Nos. 1-3] is DISMISSED WITHOUT PREJUDICE insofar as it asserts claims by Thomas Newman under state law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 7, 2006

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge